[No. 27853. *En Banc.* April 26, 1940.]

WEYERHAEUSER TIMBER COMPANY, *Respondent*, v. DAVE S. COHN, *as Acting Director of Licenses, Appellant*, RICHFIELD OIL COMPANY *et al., Respondents*.[1]

The Attorney General, John E. Belcher, and L. C. Brodbeck, Assistants, for appellant.

W. E. Heidinger, Bogle, Bogle & Gates, George F. Kachlein, Jr., and Reuben C. Carlson, for respondents.

Poe, Falknor, Emory & Howe, Wallace G. Mills, Harold P. Troy, and E. W. Anderson, amici curiae.

MILLARD, J.—This is an appeal from a judgment in favor of the plaintiff in an action for declaratory judgment to determine the applicability of the provisions of chapter 186, Laws of 1939, p. 581, Rem. Rev. Stat. (Sup.), § 8370-78a [P. C. § 7029k-21] *et seq.*, to the operations of the respondent, who is engaged primarily in the business of conducting a lumber manufacturing plant and a logging operation in this state, in both of which it uses fuel oil and diesel oil purchased by it from Richfield Oil Company and H. D. Maxwell Petroleum Corporation.

The diesel oil purchased by the timber company from Richfield Oil Company is delivered to the timber company within the state of Oregon and is then brought into this state by the timber company and taken to its place of business at Longview, where it is withdrawn and used by the timber company as fuel in operating its logging equipment and machinery.

The fuel oil which is purchased by the timber company from the H. D. Maxwell Petroleum Corporation is sold within this state and shipped by the petroleum corporation from Tacoma in tank cars and delivered into the timber company's storage tanks at South Bay, Washington, from which tanks the fuel oil is later withdrawn and used by the timber company in the operation of its logging machinery and equipment at Vail, Washington.

The respondent timber company merely uses fuel oil in its business and is not subject to the tax imposed by chapter 186, Laws of 1939. *Great Northern R. Co. v. Cohn, ante* p. 672, 101 P. (2d) 985.

[1] Reported in 101 P. (2d) 984.

An additional reason demanding affirmance of the judgment is the unconstitutionality of chapter 186, Laws of 1939. See *State v. Inland Empire Refineries, Inc., ante* p. 651, 101 P. (2d) 975.

The judgment is affirmed.

STEINERT, SIMPSON, BEALS, GERAGHTY, ROBINSON, and JEFFERS, JJ., concur.

BLAKE, C. J. (dissenting)—I dissent for reasons stated in the dissenting opinions in cases Nos. 27852, 27854.

MAIN, J., concurs with BLAKE, C. J.