[No. 28152. *En Banc.* April 17, 1941.]

THE TEXAS COMPANY, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*[1]

*The Attorney General* and *John E. Belcher, Assistant,* for appellant.

*Grosscup, Morrow & Ambler,* for respondent.

DRIVER, J.—Plaintiff, a corporation engaged in the business of selling fuel oil, brought this action to recover from the state taxes which it had paid as a fuel oil distributor under chapter 186, Laws of 1939, p. 581 (Rem. Rev. Stat. (Sup.), § 8370-78a [P. C. § 7029k-21] *et seq.*), basing its claim upon *State v. Inland Empire Refineries, Inc.,* 3 Wn. (2d) 651, 101 P. (2d) 975, in which this court held the statute unconstitutional in its entirety. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, was overruled. Defendant refused to plead further, and judgment was entered for the plaintiff. Defendant appealed.

In *Texas Co. v. Cohn* (Nos. 28173 to 28187, inclusive), *ante* p. 360, 112 P. (2d) 522, this court considered and passed upon the same questions which are presented here. In the cited case, we concluded that, when the whole 1939 statute was declared in-

[1]Reported in 112 P. (2d) 543.

valid by the *Inland* case, the invalidity extended to, and included, the clause specifically repealing the former fuel oil tax law (Title XI, chapter 180, Laws of 1935, p. 749, as amended by chapter 116, Laws of 1937, p. 459), and that, although the 1939 act fell, the 1937 statute, in contemplation of law, remained standing all the while, as it had never been lawfully repealed. We held that the tax payments made by a distributor under the 1939 act could not be recovered except those made on petroleum products, which were not taxable, or were exempted, under the prior law. In the present case, the complaint does not allege that any such excess payments were made by respondent under the 1939 act.

On the authority of *Texas Co. v. Cohn, supra,* the judgment of the superior court is reversed, with direction to sustain appellant's demurrer to respondent's complaint.

ROBINSON, C. J., MAIN, BEALS, BLAKE, and JEFFERS, JJ., concur.

SIMPSON, J., dissents.

MILLARD, J. (dissenting)—On April 26, 1940, we held, in *State v. Inland Empire Refineries, Inc.,* 3 Wn. (2d) 651, 101 P. (2d) 975, that chapter 186, Laws of 1939, which imposed a tax upon distributors of fuel oil, was unconstitutional and void. Immediately following our denial of a petition for rehearing of that cause, this action was instituted to recover against the state of Washington the amount of excise taxes exacted of plaintiff by the state under that act, which provided that it should become effective May 1, 1939.

In addition to allegation respecting our holding of the act unconstitutional, plaintiff alleged that May 1, 1939, it qualified, under written protest, as a distributor of fuel oil, under chapter 186, Laws of 1939; that, under coercion imposed by the statute and by the state's director of licenses, plaintiff made the required reports concerning its sales of petroleum products, and paid, under protest, the taxes purported to be due under the statute, in order to escape the penalties and avoid the imprisonment of its officers and agents, which would be imposed for violation of chapter 186, Laws of 1939.

The state's demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, was overruled. The state elected to stand on its demurrer, whereupon the trial court entered judgment in favor of plaintiff. The state appealed.

Counsel for the state argue that the allegations in the complaint, the gist of which is recited above, as to payment of the tax under compulsion, are mere conclusions which are not admitted as true by the demurrer. Appellant's demurrer admitted the truth of all well pleaded facts, as well, also, as every legiti-

mate inference deduced from such facts. *Puget Mill Co. v. Duecy,* 1 Wn. (2d) 421, 96 P. (2d) 571.

That the allegations were sufficient to disclose that the payments were coerced, in view of the penalties provided by the statute in question in case of breach of the statute, is clear. An apposite authority—a case on all fours—is *Union Bag & Paper Corp. v. State,* 160 Wash. 538, 295 Pac. 748, 74 A. L. R. 1295, in which we held that a general allegation that payments of a foreign corporation's filing and annual license fees were illegally exacted by the secretary of state, is sufficient, as against a general demurrer, to show that the payments were coerced, in a legal sense, in view of the statute requiring payment of the fees, providing in case of default, fines, penalties, punishment of agents, denial of the right to sue in state courts, and subjection to insolvency proceedings and loss of its license. We said, in the course of our opinion in that case—in the case at bar the payments were made under protest:

"We are of the opinion that the allegations of the plaintiff's complaint, admitted by the demurrer as true, show that the payments of the exacted filing and license fees were made under such coercion as to render the state liable to return the amounts so paid, though it does not appear that they were paid under express protest."

Chapter 186, Laws of 1939, is unconstitutional. *State v. Inland Empire Refineries, Inc., supra.* The taxes exacted under that statute were paid under such legal duress as to constitute involuntary payments, hence respondent is entitled to recovery back of the amounts thus paid. *Great Northern R. Co. v. State,* 200 Wash. 392, 93 P. (2d) 694.

The foregoing dissent was written by the undersigned as a majority opinion December 16, 1940. No good reason has been advanced in the now majority opinion to induce me to recede therefrom.

The judgment should be affirmed.

STEINERT, J. (dissenting)—I concur in the conclusion reached by Judge Millard that the judgment of the trial court should be affirmed. I therefore dissent from the majority opinion.