[No. 28170. *En Banc.* April 17, 1941.]

RAYONIER INCORPORATED, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

*The Attorney General* and *John E. Belcher, Assistant*, for appellant.

*Todd, Holman, Sprague & Allen* (*Thomas Todd*, of counsel), for respondent.

DRIVER, J.—This appeal was taken by the defendant from findings, conclusions, and judgment entered by the trial court in favor of the plaintiff.

[1]Reported in 112 P. (2d) 549.

The only material difference between the case at bar and *Rayonier Incorporated v. State* (No. 28168), *ante* p. 731, 112 P. (2d) 546, is that the cited case was for recovery of taxes paid under the 1935 and the 1937 distributors' fuel oil tax laws, while here respondent sought recovery of taxes paid under the 1939 statute (Laws of 1939, chapter 186, p. 581, Rem. Rev. Stat. (Sup.), § 8370-78a [P. C. § 7029k-21] *et seq.*).

We held the 1939 statute unconstitutional as a whole in *State v. Inland Empire Refineries, Inc.*, 3 Wn. (2d) 651, 101 P. (2d) 975; but, in *Texas Co. v. Cohn, ante* p. 360, 112 P. (2d) 522, we concluded that the 1937 statute had remained in full force because its attempted repeal by the 1939 statute had been ineffective, having fallen along with the rest of that void act.

The question of the liability of respondent for fuel oil taxes under the 1937 statute and its right to maintain an action for recovery against the state are determined by the *Rayonier* case mentioned near the outset of this opinion and reported *ante* p. 731, 112 P. (2d) 546, and the cases therein cited.

Judgment affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.

STEINERT, J., concurs in the result.

BLAKE and MAIN, JJ., dissent.

MILLARD, J. (concurring)—This is an appeal from a judgment in favor of the plaintiff in an action instituted to recover taxes paid under chapter 186, Laws of 1939, on fuel oil used exclusively by the plaintiff in its manufacturing operations.

As respondent does not distribute or sell the fuel oil to others, it is not subject to the tax imposed by chapter 186, Laws of 1939. *Great Northern R. Co. v. Cohn*, 3 Wn. (2d) 672, 101 P. (2d) 985. The taxes exacted under that statute were paid under such legal duress as to constitute involuntary payments; therefore, respondent is entitled to recovery back of the amounts thus paid. *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694.

An additional reason demanding affirmance of the judgment is the unconstitutionality of the challenged statute. *State v. Inland Empire Refineries, Inc.*, 3 Wn. (2d) 651, 101 P. (2d) 975.

All questions raised by appellant are foreclosed by our opinions in *State v. Inland Empire Refineries, Inc., supra*, and *Texas Co. v. State* (No. 28152), *ante* p. 726, 112 P. (2d) 543.

The judgment should be affirmed.