[No. 28169. *En Banc.* April 17, 1941.]

CROWN ZELLERBACH CORPORATION, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*[1]

The *Attorney General* and *John E. Belcher, Assistant,* for appellant.

*Todd, Holman, Sprague & Allen (Thomas Todd,* of counsel), for respondent.

[1]Reported in 112 P. (2d) 548.

734

DRIVER, J.—This is an action to recover distributors' fuel oil excise taxes paid to the state by the plaintiff under chapter 116, Laws of 1937, p. 459, and chapter 186, Laws of 1939, p. 581 (Rem. Rev. Stat. (Sup.), § 8370-78a [P. C. § 7029k-21] *et seq.*). The case was tried to the court and resulted in a judgment for the plaintiff. Defendant appealed.

All of the oil in question was purchased from a California oil company by respondent and was used by the latter in the course of its manufacturing operations. Two types of deliveries were involved. Part of the oil was delivered in Oregon and transported from there into Washington by respondent. The remainder was brought from California by the seller and delivered by tankers directly to respondent's manufacturing plants in this state.

In *State v. Inland Empire Refineries, Inc.*, 3 Wn. (2d) 651, 101 P. (2d) 975, this court held the 1939 statute unconstitutional in its entirety. We adhered to that holding in *Texas Co. v. Cohn*, *ante* p. 360, 112 P. (2d) 522, but, in the latter case, we concluded that the 1937 statute was constitutional, and that it had remained in force and effect because its repeal by a clause contained in the 1939 law had fallen with the rest of that void statute. Therefore, the principal question presented by the case at bar is whether the respondent is liable for the tax under the 1937 statute.

Clearly, respondent is not subject to such tax. *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694; *Great Northern R. Co. v. Cohn*, 3 Wn. (2d) 672, 101 P. (2d) 985; see, also, *Weyerhaeuser Timber Co. v. Cohn*, 3 Wn. (2d) 730, 101 P. (2d) 984.

The trial court found that the tax payments were made by respondents involuntarily under duress, coercion, and compulsion, and the respondent's right to maintain an action against the state for their recovery is determined by *Great Northern R. Co. v. State, supra.*

The judgment is affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.

STEINERT, J., concurs in the result.

BLAKE and MAIN, JJ., dissent.

MILLARD, J. (concurring)—This action was brought by plaintiff to recover payments made by it of fuel oil taxes under chapter 116, Laws of 1937, and chapter 186, Laws of 1939. Trial of the cause to the court resulted in judgment in favor of the plaintiff. Defendant appealed.

The fuel oil, which was used in respondent's plants at Camas and Cathlamet exclusively in respondent's manufacturing operations, was purchased by respondent in Oregon and delivery

taken there, after which the oil was brought into this state. The oil on which the tax was paid and which was used at Port Angeles and Port Townsend plants was delivered to respondent at those plants by the General Petroleum Corporation by tanker deliveries from California. All of the fuel oil, with respect to which the taxes were paid, was used exclusively in the manufacturing operations of the respondent and not distributed or resold to others.

The fuel oil tax statutes under which the challenged taxes were paid are not applicable to respondent, as it is not engaged in the business of distributing fuel oil. *Great Northern R. Co. v. Cohn*, 3 Wn. (2d) 672, 101 P. (2d) 985; *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694.

The questions whether chapter 116, Laws of 1937, is unconstitutional, whether chapter 186, Laws of 1939, is unconstitutional, whether respondent is a distributor under those two statutes, whether the payments were involuntary, and whether respondent is stopped from recovery of the payments made, are foreclosed by *Crown Zellerbach Corp. v. State* (No. 28153), *ante* p. 729, 112 P. (2d) 544; *Rayonier Incorporated v. State* (28168), *ante* p. 731, 112 P. (2d) 546; *Rayonier Incorporated v. State* (28170), *post*, this page, 112 P. (2d) 549; and *Texas Co. v. Cohn* (28173 to 28187, inclusive), *ante* p. 360, 112 P. (2d) 522.

The foregoing was my opinion December 16, 1940.

The judgment should be affirmed.