[No. 28153. *En Banc.* April 17, 1941.]

CROWN ZELLERBACH CORPORATION, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*[1]

*The Attorney General* and *John E. Belcher, Assistant,* for appellant.

*Todd, Holman, Sprague & Allen* (*Thomas Todd,* of counsel), for respondent.

DRIVER, J.—Plaintiff brought this action to recover taxes paid to the state by General Petroleum Corporation of California (hereinafter called the oil company) under two different distributors' fuel oil excise tax laws, namely, Title XI, chapter 180, Laws of 1935, p. 749, and chapter 116, Laws of 1937, p. 459.

The taxes were paid on fuel oil brought from California by the oil company and delivered in tankers directly, or at least without interruption of the interstate character of the transit, to storage facilities of the plaintiff in this state (with the exception of two tanker deliveries made in the state of California and, also, some intrastate barge deliveries, which will be discussed later in this opinion). In accordance with the terms of a contract between the oil company and the plaintiff, the former paid the taxes to the state and the latter subsequently reimbursed the company therefor. Prior to the commencement of the action, the oil company assigned its right of recovery to the plaintiff.

A trial before the court without a jury resulted in a judgment for plaintiff, from which defendant has appealed.

All questions here presented as to the constitutionality of the 1937 statute are foreclosed by *Texas Co. v. Cohn, ante* p. 360, 112 P. (2d) 522, wherein the statute was upheld. That case is likewise controlling as to the validity of the 1935 law, which does not differ in any particular which affects its constitutionality from the 1937 statute.

In the cited case, we also held that one of the respondents, the Union Oil Company of California, which had made tanker fuel oil deliveries of substantially the same character as those in the case at bar, was not liable as a distributor for any tax with respect thereto, basing such holding on the earlier case of *Great Northern R. Co. v. Cohn,* 3 Wn. (2d) 672, 101 P. (2d) 985. The case is also applicable to the question of the tax liability of the

[1]Reported in 112 P. (2d) 544.

oil company on the tanker deliveries of fuel oil in the present case.

Under the holding of the case just cited, the respondent is not directly, on its own account, subject to the tax imposed by the statutes in question, as it was not engaged in the business of selling fuel oil, and all of the oil was used in the operation of its manufacturing business.

Appellant claims that the tax payments were, in legal effect, voluntary and, under the circumstances, cannot be recovered. On that point, *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694, is controlling, since the trial court found that the payments were made involuntarily under duress, coercion, and compulsion.

During the time the 1935 law was in operation, four barge deliveries were made to respondent within the state from the oil company's storage tanks at Seattle. Respondent concedes that these deliveries were not interstate in character, and it is not entitled to recover the taxes paid thereon by the oil company unless we hold the 1935 law unconstitutional. Therefore, respondent's judgment should be reduced in the amount of $1,479.41 on account of such barge delivery tax payments.

The cause is remanded, with direction to the superior court to modify its judgment in accordance with this opinion.

ROBINSON, C. J., BEALS, and JEFFERS, JJ., concur.

SIMPSON, J., dissents.

BLAKE and MAIN, JJ. (concurring in part and dissenting in part)—While we agree with the majority opinion in so far as it reduces the amount of recovery, we think it should go further and reverse the judgment in its entirety.

MILLARD, J. (dissenting)—This action was brought by plaintiff to recover the amount paid by General Petroleum Corporation of California to the state as fuel oil tax under Title XI, chapter 180, Laws of 1935, and chapter 116, Laws of 1937, on fuel oil delivered by the oil company to the Port Angeles and Port Townsend plants of plaintiff. Prior to the commencement of this action, the oil company assigned its right of recovery to plaintiff. From judgment in favor of plaintiff, the defendant has appealed.

The contracts for delivery of the fuel oil at the Washington plants of respondent at Port Angeles and Port Townsend provided that the seller should deliver the oil in part tanker lots f. o. b. respondent's storage tanks, with title passing at ship's rail. There was a provision in the contracts for delivery by barge out of Seattle storage upon respondent's request, with an additional charge added to the price for the transportation and ser-

vice. It fairly appears that the movement of oil, in so far as the oil company is concerned, was at all times in interstate commerce; it was shipped from California destined for delivery at Port Angeles and Port Townsend in this state. It is true that, as to a portion of the deliveries, the tankers, because of the difficulty in docking at Port Angeles and Port Townsend while heavily laden, first stopped at the Seattle plant of the oil company to unload a portion of the cargo, but this did not interrupt the interstate character of the transportation of the oil.

Under the contracts of respondent with the oil company, the latter, after deliveries of oil, invoiced the price to respondent, which invoices included the fuel oil tax of one-fourth cent a gallon. Each month the oil company made its returns to the director of licenses and included in its payments to the state the amount of one-fourth cent a gallon on the oil delivered to respondent at Port Angeles and Port Townsend during the preceding month.

The oil was withdrawn by respondent from its storage tanks and used only in the operation of its business, hence respondent is not subject to the tax imposed by the statutes in question. *Rayonier Incorporated v. State* (28168), *post*, this page, 112 P. (2d) 546; *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694.

All of the questions presented in the case at bar are foreclosed by the two cases cited.

I am still convinced of the correctness of the foregoing opinion, which was written by the undersigned December 16, 1940.

The judgment should be affirmed.

STEINERT, J. (dissenting)—I concur in the conclusion reached by Judge Millard that the judgment of the trial court should be affirmed. I therefore dissent from the majority opinion.