[No. 28168. *En Banc.* April 17, 1941.]

RAYONIER INCORPORATED, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*[1]

*The Attorney General* and *John E. Belcher, Assistant,* for appellant.

*Todd, Holman, Sprague & Allen (Thomas Todd,* of counsel), for respondent.

[1]Reported in 112 P. (2d) 546.

DRIVER, J.—This action was instituted to recover from the state certain distributors' fuel oil excise taxes paid by plaintiff and its predecessor under Title XI, chapter 180, Laws of 1935, p. 749, and chapter 116, Laws of 1937, p. 459. After trial to the court without a jury, judgment was entered for plaintiff, and defendant appealed.

The fuel oil on which the taxes in question were paid was delivered by an oil company from California in tankers directly to respondent's storage facilities in this state. The provisions of the contracts under which delivery was made and also the manner of delivery were substantially the same as the contract provisions and delivery which this court had under consideration in *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694, where we held that the railroad company was not a distributor and was not subject to the tax under either the 1935 or the 1937 statute.

Moreover, in the instant case, respondent was not engaged in selling fuel oil, and all of the oil in question was used by respondent in the conduct of its own business. It was not, therefore, liable for payment of the distributors' excise tax. *Great Northern R. Co. v. Cohn*, 3 Wn. (2d) 672, 101 P. (2d) 985; see, also, *Weyerhaeuser Timber Co. v. Cohn*, 3 Wn. (2d) 730, 101 P. (2d) 984.

Appellant questions respondent's right, under the circumstances, to recover the tax payments from the state. The trial court having found that such payments were made involuntarily under duress, coercion, and compulsion, the question is foreclosed by *Great Northern R. Co. v. State, supra*.

Judgment affirmed.

ROBINSON, C. J., BEALS, STEINERT, SIMPSON, and JEFFERS, JJ., concur.

BLAKE and MAIN, JJ., dissent.

MILLARD, J. (concurring)—On the ground that it is not a distributor and that the taxes in question were paid under coercion or business compulsion, plaintiff instituted this action to recover payments by it of fuel oil taxes under the provisions of chapter 180, Laws of 1935, and chapter 116, Laws of 1937, during the period November, 1936, to May, 1939. Payments to October 31, 1937, were made by Grays Harbor Pulp & Paper Company, plaintiff's predecessor. Trial of the cause to the court resulted in judgment in favor of the plaintiff. The state appealed.

All of the fuel oil on which respondent paid the tax was delivered by tanker from California to respondent's storage tank at Hoquiam, Washington, under contracts between respondent and the Texas Company. In all material respects, the contracts pursuant to which the oil was delivered, as well as the manner

of delivery, were the same as the contracts and delivery involved in *Great Northern R. Co. v. State,* 200 Wash. 392, 93 P. (2d) 694. The oil was withdrawn by respondent from its storage tanks and used only in respondent's manufacturing operations. It follows that respondent is not a distributor under the statutes in question, therefore it is not subject to the tax imposed by those statutes. *Great Northern R. Co. v. State,* 200 Wash. 392, 93 P. (2d) 694. See, also, *Weyerhaeuser Timber Co. v. Cohn,* 3 Wn. (2d) 730, 101 P. (2d) 984.

In *Great Northern R. Co. v. Cohn,* 3 Wn. (2d) 672, 101 P. (2d) 985, we stated that, even if chapter 116, Laws of 1937, were revived by the voiding of chapter 186, Laws of 1939, one who did not distribute or sell the fuel oil to others would not be subject to the fuel oil tax, as it was clearly the intent of the legislature to impose the tax only upon persons engaged in the distribution or sale of fuel oil to others.

The question whether the excise taxes for the privilege of engaging in the business of a fuel oil distributor were exacted of respondent under conditions amounting to such compulsion as would constitute legal duress, thereby entitling respondent to recovery of the amounts paid, as involuntary payments, is foreclosed by *Great Northern R. Co. v. State,* 200 Wash. 392, 93 P. (2d) 694, and *Texas Co. v. Cohn,* ante p. 360, 112 P. (2d) 522 (Case Nos. 28173 to 28187, inclusive).

All questions present in the case at bar are foreclosed by our opinion in *Texas Co. v. Cohn* (28173 to 28187, inclusive), ante p. 360, 112 P. (2d) 522.

The foregoing, written by me December 16, 1940, is still my opinion.

The judgment should be affirmed.